BEFORE THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARY ANN ELLIS<br>9530 Perrin Beitel Rd.<br>San Antonio, Texas  78217,<br><br>    Plaintiff,<br><br> - v. -<br><br>BLUEBONNET VENISON FARMS,<br>INC., General Partner, 610 East Market,<br>Unit 3303, San Antonio, Texas 78205, dba<br><br>BLUEBONNET VENISON FARMS,<br>INC., 200 Patterson Avenue, Apt. 608,<br>San Antonio, Texas 78209, dba<br><br>BLUEBONNET FOODS, L.P., a Texas<br>Partnership, dba GOODHEART BRAND<br>SPECIALTY MEATS,<br>11122 Nacogdoches Road<br>San Antonio, Texas 78217,<br><br>    Defendant(s). | Civil Action No. 5:18-cv-1219 |

## PLAINTIFF'S INITIAL COMPLAINT OF DISCRIMINATION

### I. Introduction

1. ***Comes now,*** the Plaintiff Mary A. Ellis, through her undersigned counsel, to file her formal Complaint alleging discrimination against GoodHeart Brand Specialty Meats (hereinafter referred to as the Defendant).  The Plaintiff alleges that she was subjected to hostile working conditions then wrongfully terminated when the Defendant discriminated against the Plaintiff because of her national origin (African-American), gender (female) and age (over the age of 40 years old).  Effectively, the Plaintiff has ninety (90) days, up to and including November 25,

2018, to file her instant Complaint. *See* attached copy of the Equal Employment Opportunity Commission's (EEOC) *Right to Sue Notice* received on August 27, 2018. (Ex. 1).

## II. Jurisdiction

2. Paragraph 1 is hereby incorporated directly into and/or by implication where necessary in the reading and interpretation of the following allegation(s):

3. This Court is vested with subject *matter* and *in personam* jurisdiction pursuant to *Title VII of the Civil Rights Act of 1964* as amended, *the Age Discrimination in Employment Act*, as amended., (ADEA), and *Title 42 § 2000e-5(f)*.

## III. Venue

4. Paragraphs 1 through 3 are hereby incorporated directly, indirectly and/or by implication where necessary in the reading and interpretation of the following allegation(s):

5. Venue is proper because all of the incidents of discrimination alleged by the Plaintiff occurred within the Western District of Texas, San Antonio, Texas.

## IV. Parties

6. Paragraphs 1 through 5 are hereby incorporated directly, indirectly and/or by implication where necessary in the reading and interpretation of the following allegation(s):

7. The Plaintiff Mary A. Ellis**,** is an African American female over 40 years old and is a member of the suspect group protected by the Federal Statutes at *Title VII of the Civil Rights Act of 1964,* as amended and the ADEA. The Plaintiff is a former employee of the Defendant(s) and may be served with motions and pleadings through her undersigned counsel's address at 1911 Guadalupe, San Antonio, Texas 78207, telephone number (210) 231-0112.

8. The Defendant GOODHEART BRAND SPECIALTY Meats, 11122 Nacogdoches Road, San Antonio, Texas, 78217 can be served through its Registered Agent Amalia B. Palmaz

located at 11122 Nacogdoches, San Antonio, Texas 78217.

Defendants relationship to each other is: BLUEBONNET VENISON FARMS, INC., is a General Partner located at 610 East Market, Unit 3303, San Antonio, Texas 78205, dba; BLUEBONNET VENISON FARMS, INC., 200 Patterson Avenue, Apt. 608, San Antonio, Texas 78209, dba; BLUEBONNET FOODS, L.P., a Texas Partnership, dba GOODHEART BRAND SPECIALTY MEATS located at 11122 Nacogdoches Road San Antonio, Texas 78217. All the Defendants filings cite Ms. Agent Amalia B. Palmaz as their Registered Agent.

## V.    Procedural History

9.    Paragraphs 1 through 8 above are hereby incorporated herein directly and/or indirectly by reference and/or implication.

10.    The Plaintiff has exhausted her administrative remedies and is now before the Court for a *de novo* review of the EEOC's administrative decisions in her underlying complaint of hostile working conditions and wrongful termination *via* discrimination before the EEOC. The EEOC made no findings as to the Plaintiff's allegations of racial, color, national origin (African American), age and retaliation (hostile working conditions) and wrongful termination.

## VI.    Operative Facts

11.    Paragraphs 1 through 10 above are hereby incorporated herein directly and/or indirectly by reference and/or implication.

12.    The undisputed facts before the Court are:

a.    The Plaintiff names Mr. Tom Christensen, Chief Operating Officer (COO), Ms. Janelle Parr, Human Resources Director, Ms. Crystal Ojeda, Ms. Olga Wilson and Mr. Scott, Human Resources Officer(s), as the responsible management officials (RMO) in the Plaintiff's Complaint.

  b. On or about January 6, 2017, Plaintiff, an African American female, over 40 years old and in good standing was hired by Mr. Arnold Cardenas, Human Resources (HR) Director as a door monitor for GoodHeart Brand Specialty Meats in the San Antonio, Texas processing plant. Mr. Cardenas explained to Plaintiff all of the responsibilities in her Position Description. Plaintiff explained to Mr. Cardenas that she had previously had a back injury and could not do heavy lifting. Mr. Cardenas assured Plaintiff that there was no heavy lifting involved in her job.

  c. On or about the second week of January 2017, Ms. Penny Burke and Ms. Oralia C (Complainant does not recall this supervisor's last name), coworkers verbally abused Plaintiff in front of other co-workers. Both Ms. Burk and Ms. Oralia complained to Plaintiff that she was issuing out too many Personal Protective Equipment (PPE) safety supplies to the employees. Plaintiff reported this to Ms. Janelle Parr, HR. Whereupon, Plaintiff explained to Ms. Parr that she had also observed Ms. Burk hiding safety supplies in her employees' clothes bins.

  d. In April 2017, the Plaintiff reported to Mr. George Puente, nightshift Supervisor that she was running out of safety supplies.

  e. In May 2017, the Plaintiff was repeatedly moved back and forth from one side of the plant to the other with no explanation as to why. Plaintiff asked HR personnel if Plaintiff's being moved was racially motivated as she was the only black person being constantly moved.

  f. On or about May 15, 2017, Plaintiff was directed by Mr. Doyle Miller, HR Director to meet with Ms. Linda Drassen, HR from HR Consulting Services, Ms. Drassen attempted to convince the Plaintiff that her treatment, including other employee's harassment and constantly being moved was not racially motivated.

g.   On June 8, 2017, Plaintiff received a chemical burn to her left hand while pouring an unidentified chemical into a boot wash tray as ordered. Plaintiff immediately reported the burn incident to Mr. George Puente, night shift Supervisor.

h.   On June 20, 2017, the Defendant(s) sent the Plaintiff to the Texas Med Clinic located at 410 and Nacogdoches Rd. Plaintiff is still receiving medical treatment for that chemical burn she suffered on June 8, 2017, following her Position Description.

i.   On or about September 8, 2017, Plaintiff was informed that her job requirements had changed. (Ex. 2).

j.   On or about October 17, 2017, Plaintiff was informed by Ms. Crystal Ojeda, Ms. Olga Wilson and Mr. Scott that she was being written up, disciplined. Plaintiff was handed a written statement and was told to execute the document, which she refused. Plaintiff was not provided a copy of the statement

k.   On or about October 17, 2017, Plaintiff was instructed by HR's personnel to go to her physician and obtain a written medical release with no restrictions. Plaintiff was told by HR's personnel not to return to work unless she had full medical release.

l.   On or about November 2, 2017, the Plaintiff received a letter from Ms. Crystal Ojeda, addressing Plaintiff concerns about an accommodation for her injured hand. Ms. Ojeda instructed the Plaintiff to take the provided form to her treating Physician and obtain a Functional Capacity Evaluation (FCE).

m.   On or about January 8 2018, Plaintiff provided a FCE performed by E. Reuben Rodriguez, OTR, OWCE dated January 4, 2018 (Ex. 3). Plaintiff further informed Defendant(s) that she had been reporting for work *via* the absent line on a daily basis as instructed by Ms. Crystal Ojeda, HR.

  n. On or about March 6, 2018, the Plaintiff received a letter from Defendant(s) informing her that Defendant(s) had reviewed Plaintiff's FCE in detail and that Defendant(s) could not accommodate Plaintiff without undue hardship.  The Defendant(s) letter included a Severance Agreement and General Release (Agreement) also informing the Plaintiff that her employment would cease as of March 5, 2018.  (Ex 4).

13. On or about March 6, 2018, approximately fifteen (15) months after Plaintiff commenced her employment, the Defendant(s) discriminated against the Plaintiff by wrongfully terminating the Plaintiff.

### VII. Counts of Discrimination

14. Paragraphs 1 through 13 above are hereby incorporated herein directly and/or indirectly by reference and/or implication.

### Count One

A. The Plaintiff alleges that based on the preceding the Defendant(s) discriminated against Plaintiff due to her age being over 40 years in violation of the ADEA, as amended.

### Count Two

B. The Plaintiff alleges that based on the preceding the Defendant(s) discriminated against the Plaintiff due to her gender being female in violation of the *Title VII of the Civil Rights Act of 1964*, as amended.

### Count Three

C. The Plaintiff alleges that based on the preceding the Defendant(s) discriminated against the Plaintiff due to her National Origin being Afro-American in violation of *Title VII of the Civil Rights Act of 1964,* as amended.

### Count Four

D.  Plaintiff alleges that based on the preceding the Defendant(s) discriminated against the Plaintiff due to her race being Black in violation of the *Title VII of the Civil Rights Act of* 1964 as amended.

### Count Five

E.  The Plaintiff alleges that based on the preceding the Defendant(s) wrongfully terminated the plaintiff due to her race, age, gender and National Origin in violation of the *Title VII of the Civil Rights Act of 1964*, as amended.

### VII.  Remedies

15. Paragraphs 1 through 14 above are hereby incorporated herein directly and/or indirectly by reference and/or implication.

16. Plaintiff demands the following:

    a.  three hundred thousand dollars ($300,000.00) in compensatory damages;

    b.  actual damages including back pay with interest and any other compensatory damages;

    c.  attorney's fees and court cost;

    d.  seven hundred fifty thousand dollars ($750,000.00) in punitive damages for pain and suffering; and,

    e.  any and all relief and remedies found to be just and owing.

### IX.  Jury Demand

17. Paragraph 1 through 16 above are hereby incorporated herein directly and/or indirectly by reference and/or implication.

18. The Plaintiff hereby respectfully demands a jury trial.

Respectfully submitted,

/s/Lorenzo W. Tijerina
Lorenzo W. Tijerina, Attorney for the
Plaintiff, Mary A. Ellis
Local Office:  1911 Guadalupe
San Antonio, Texas 78297
Telephone No:   (210) 231-0112
Facsimile No:    (210) 212-7215
Email Address:  tasesq@msn.com