IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARY ANN ELLIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:18-cv-01219-FB |
| | § | |
| BLUEBONNET VENISON FARMS, INC., | § | |
| and BLUEBONNET FOODS, L.P., | § | |
| d/b/a GOODHEART BRAND | § | |
| SPECIALTY MEATS, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

COME NOW Bluebonnet Venison Farms, Inc. and Bluebonnet Foods, L.P. d/b/a GoodHeart Brand Specialty Meats ("GoodHeart"),[1] and file their Rule 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint ("Complaint") due to Plaintiff's failure to state a claim upon which relief can be granted.

## I.       INTRODUCTION

In filing Plaintiff's Second Amended Complaint [Dkt. # 20], Plaintiff's counsel failed to adhere to the directives and Order of Magistrate Judge Richard Farrer following the parties' pre-trial conference on May 31, 2019.  While Plaintiff properly omitted any claim for gender

---

[1] Bluebonnet Foods, L.P., d/b/a Goodheart Brand Specialty Foods was Plaintiff's employer.  Bluebonnet Venison Farms, Inc., is its general partner of Bluebonnet Foods, L.P.  At the pre-trial conference on May 31, 2019, Magistrate Judge Richard Farrer questioned Plaintiff's counsel on the basis for including the general partner of Plaintiff's employer.  Plaintiff's counsel did not articulate any particular reason.  Judge Farrer instructed Plaintiff's counsel to explain the basis for including Bluebonnet Venison Farms, Inc., in Plaintiff's Second Amended Complaint, or to remove Bluebonnet Venison Farms, Inc., as a Defendant.  Plaintiff's counsel failed to adhere to either directive in that Bluebonnet Venison Farms, Inc. continues to be named as a Defendant in this matter without any basis whatsoever for potential liability, particularly given Defendants' admission that Bluebonnet Foods, L.P., d/b/a Goodheart Brand Specialty Foods was Plaintiff's employer.  Bluebonnet Venison Farms, Inc. should be dismissed from this lawsuit for this reason alone.

discrimination in her Second Amended Complaint, Plaintiff included a new claim for retaliation under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), despite not advancing such a claim in her prior two Complaints, and without seeking leave of Court as ordered by Judge Farrer. [Dkt. # 19]. As previously argued, Plaintiff's retaliation claim is time-barred because she did not identify such a claim within 90 days of her receipt of the Equal Employment Opportunity Commission's Dismissal and Notice of Right to Sue, and her Second Amended Complaint cannot relate back to the date of her Original Complaint. Accordingly, Plaintiff's untimely retaliation claim must be dismissed with prejudice.

Plaintiff also failed to adequately expand upon her factual allegations relative to her remaining claims of race, color, national origin, and age discrimination in alleged violation of Title VII and the Age Discrimination in Employment Act ("ADEA"), such that dismissal with prejudice is warranted. In particular, Plaintiff has not alleged she was qualified to perform her job for GoodHeart at the time of her termination, and this is an essential element to her *prima facie* case of discrimination on any basis. In fact, Plaintiff's allegations support the conclusion that she was not qualified to perform the physical requirements of her job, and GoodHeart terminated her employment for this reason. Beyond this, Plaintiff's allegations relative to her race, color, national origin, and age are not enough to state claims for discrimination that are plausible on their face, as is required under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). As Plaintiff has already had multiple bites at the apple – without success, Defendants move for complete dismissal of the case with prejudice and the entry of a take nothing judgment in Defendants' favor.

## II. PROCEDURAL HISTORY

### A. Plaintiff's Original and First Amended Complaints

Plaintiff worked for GoodHeart from January 6, 2017, through March 5, 2018. Plaintiff filed suit against Defendants on November 23, 2018 [Dkt. # 1], and then filed a First Amended Complaint on November 28, 2018 [Dkt. # 2]. In her First Amended Complaint, Plaintiff asserted claims of race, national origin, gender, and age discrimination in alleged violation of Title VII and the ADEA. Plaintiff did not assert a claim of discrimination based upon color or a claim of retaliation under Title VII or the ADEA.

### B. Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint and Plaintiff's Response to the Same.

On January 23, 2019, Defendants filed a Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint [Dkt. # 7], in which the following arguments were advanced:

1. Plaintiff's gender discrimination claim should be dismissed with prejudice because despite filing two charges of discrimination with the EEOC and/or Texas Workforce Commission – Civil Rights Division ("TWC-CRD"), she never identified gender as a basis for the alleged discrimination and thus, failed to exhaust her administrative remedies. Plaintiff's 300-day time period for filing another charge of discrimination expired, such that Plaintiff's gender discrimination is now time-barred.

2. Plaintiff's remaining claims of race, national origin, and age discrimination should be dismissed without prejudice pursuant to Rule 12(b)(6) and the Supreme Court's holdings in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) because Plaintiff did not pled factual allegations sufficient to demonstrate that she is entitled to relief.

On February 18, 2019, Plaintiff filed her Response to Defendants' Motion to Dismiss [Dkt. # 12], wherein Plaintiff completely failed to respond to Defendants' argument that her gender discrimination claim should be dismissed for her failure to exhaust administrative remedies. Instead, Plaintiff seemingly attempted to assert a retaliation claim under Title VII and/or the ADEA vis-à-vis her Response to Defendants' Motion, which was nothing other than a veiled effort to resurrect a now untimely claim not originally advanced in either her Original or First Amended Complaints. Simply stated, Plaintiff's attempted retaliation claim is now time-barred because it would not relate back to the date of her Original Complaint, which was filed a mere two days prior to the 90-day limitations period for filing suit against Defendants. Plaintiff also incorporated a claim for discrimination based upon color. While Plaintiff had identified color as a basis for discrimination in her second charge of discrimination, Plaintiff did not identify discrimination based upon color in her Original or First Amended Complaints.

### C. MAGISTRATE JUDGE FARRER'S PRETRIAL CONFERENCE AND ASSOCIATED ORDER

#### 1. Gender Discrimination Claim

On May 31, 2019, Magistrate Judge Richard Farrer held a pretrial conference, wherein Judge Farrer spent significant time questioning Plaintiff's counsel on the issues raised in Defendants' Motion to Dismiss and on the viability of Plaintiff's claims. Regarding the gender discrimination claim, Plaintiff's counsel cited to the statement of facts Plaintiff provided to the EEOC in support of the second charge of discrimination she filed against GoodHeart, which was attached to Defendants' Motion to Dismiss as Exhibit 3 [Dkt. # 7-1], and erroneously represented to the Court that Plaintiff complained of having been called a "Black Ass Bitch" by co-workers. Plaintiff's counsel argued that this allegation – an allegation not included in the statement of facts being cited to – should have put the EEOC on notice that she was advancing a claim of gender

discrimination, even though she had not checked the box for the same on the charge. Yet, detailed review of the eight-page statement of facts reveals no such allegation by Plaintiff, or any other allegation that would have put the EEOC on notice of a gender discrimination claim.

Accordingly, Judge Farrer directed Plaintiff's counsel to file a Second Amended Complaint on or before June 21, 2019, and advised Plaintiff's counsel to omit the gender discrimination claim, as it was not viable. Plaintiff's counsel complied with Judge Farrer's directive and omitted the gender discrimination claim from Plaintiff's Second Amended Complaint, such that this claim is no longer before the Court or at issue in Defendants' instant Motion to Dismiss.

### 2. Retaliation Claim

As it concerned Plaintiff's retaliation claim(s), Judge Farrer asked Plaintiff's counsel to identify where in Plaintiff's Original or First Amended Complaint she had asserted a claim for retaliation. Plaintiff's counsel cited to Section VII of the Complaint, entitled "Counts of Discrimination," wherein five specific counts where identified: (1) age discrimination; (2) gender discrimination; (3) national origin discrimination; (4) race discrimination; and (5) "The Plaintiff alleges that *based on the preceding* the Defendant(s) wrongfully terminated the plaintiff *due to her race, age, gender, and National Origin* in violation of the Title VII of the Civil Rights Act of 1964, as amended" (emphasis added). Plaintiff's counsel cited to this fifth count, and specifically, her reference to "wrongful termination," as her intention to assert a retaliation claim.

Judge Farrer disagreed with this proposition, and in issuing his Order, Judge Farrer specifically advised Plaintiff that she would need to seek leave of Court "to amend her complaint to raise any new claims, including a retaliation claim." [Dkt. # 19]. Despite this, Plaintiff simply filed her Second Amended Complaint, adding in a claim for Title VII retaliation, without seeking leave of Court to do so. Moreover, for the reasons advanced in Defendants' first Motion to

Dismiss, Plaintiff's Title VII retaliation should be dismissed with prejudice for failing to advance such a claim within 90 days of Plaintiff's notice of right to sue from the EEOC, the deadline for which was November 25, 2018. *See* Dkt. # 13, pp. 4-6.

### 3. *Remaining Claims of Age, Race, and National Origin Discrimination*

Regarding Plaintiff's remaining claims, Judge Farrer provided Plaintiff until June 21, 2019, to file an amended complaint that adds sufficient factual allegations supporting Plaintiff's claims of age, race, and national origin discrimination and advised Defendants' counsel that the Court would entertain another Rule 12(b)(6) Motion to Dismiss if Plaintiff failed to pled factual allegations sufficient to demonstrate that she is entitled to relief. While Plaintiff met the Court's deadline, Plaintiff's third bite at the apple has proved unproductive, as her enhanced factual allegations are not enough to raise a right to relief above the speculative level. Consequently, Plaintiff's remaining claims of age, race, national origin, and now color discrimination should be dismissed with prejudice and judgment entered in Defendants' favor.

## III.    LEGAL ANALYSIS

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Supreme Court explained in *Twombly* and later *Iqbal*, although this pleading standard does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Indeed, a complaint that offers nothing more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement" fails to meet this standard and should be dismissed. *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is proper if the factual allegations are not enough to "'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 554). Furthermore, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* (quoting *Twombly*, 550 U.S. at 558). Dismissal is appropriate under Rule 12(b)(6) when a plaintiff's cause of action is barred by the applicable statute of limitations. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *Carter v. Target Corp.*, 541 Fed. Appx. 413, 416-17 (5th Cir. 2013) (affirming dismissal of the plaintiff's Title VII claims on a Rule 12(b)(6) motion as being barred by the statute of limitations). Finally, dismissal with prejudice is warranted given this Court's order allowing Plaintiff to amend after Defendants filed their original Motion to Dismiss and given the fact that any further amendment would be futile due to the lack of any facts supporting Plaintiff's discrimination claims. *See Rojas, et al. v. Elbit Sys. of Am., LLC*, *et al.*, Case 5:17-cv-00307-DAE (W.D. Tex. Aug. 10, 2017), attached hereto as Exhibit 1.

## IV. ARGUMENTS AND AUTHORITIES

### A. PLAINTIFF'S RETALIATION CLAIM SHOULD BE DISMISSED WITH PREJUDICE BECAUSE IT IS TIME-BARRED.

Plaintiff filed two charges of discrimination relative to her employment with GoodHeart. First, Plaintiff filed a charge with the EEOC and TWC-CRD on October 24, 2017, alleging

disability discrimination.[2]  The EEOC dismissed Plaintiff's charge on March 15, 2018.[3]  Plaintiff

did not file a lawsuit within 90 days of her receipt of the right to sue from the EEOC.

Instead, Plaintiff filed another charge with the EEOC and TWC-CRD on August 16, 2018,

alleging race, color, national origin, and age discrimination and retaliation.[4]  The EEOC dismissed

Plaintiff's second charge on August 22, 2018.[5]  In filing her lawsuit, however, Plaintiff omitted

any claim for retaliation arising under Title VII or the ADEA.  Plaintiff received the EEOC's

Dismissal and Notice of Right to Sue on August 27, 2018,[6] such that her 90-day time period for

filing suit expired on November 25, 2018.[7]  Consequently, Plaintiff cannot now amend her

complaint to add in a retaliation claim because it would be untimely and the amendment would

not relate back to the date she filed her Original Complaint on November 23, 2018.

---

[2] *See* Exhibit 1 to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [Dkt. # 7-1], Plaintiff's October 24, 2017, Charge of Discrimination.
"[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim," and thus, the Court can consider such documents in ruling on a motion to dismiss.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (internal citations, alterations, and quotation marks omitted).  A plaintiff's EEOC charge is central to the claim because it is "essential to determining whether the EEOC … Charge[] was filed within the applicable statute of limitations."  *Carter v. Target Corp.*, 541 Fed. Appx. 413, 417 (5th Cir. 2013).  "Moreover, a court may take judicial notice of EEOC documents as a matter of public record when deciding a Rule 12(b)(6) motion."  *Prewitt v. Cont'l Auto.*, 927 F. Supp. 2d 435, 447–48 (W.D. Tex. 2013) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994)); *see also Hernandez v. Univ. of Texas-Pan Am.*, No. 7:17-CV-197, 2017 WL 6444957, at *3 (S.D. Tex. Aug. 10, 2017) (Courts in the Fifth Circuit can and do take judicial notice of the EEOC documents when ruling on pending Rule 12(b)(6) motions without converting them into motions for summary judgment).  Accordingly, courts will consider EEOC charges attached to a defendant's motion to dismiss for purposes of determining whether the plaintiff exhausted her administrative remedies within the required statute of limitations.  *See, e.g., Carter*, 541 Fed. Appx. at 417.
[3] *See* Exhibit 2 to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [Dkt. # 7-1], EEOC's Dismissal and Notice of Rights dated March 15, 2018.
[4] *See* Exhibit 3 to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [Dkt. # 7-1], Plaintiff's August 16, 2018, Charge of Discrimination.
[5] *See* Exhibit 1 [Dkt. # 2-1] to Plaintiff's First Amended Complaint, EEOC's Dismissal and Notice of Rights dated August 22, 2018.
[6] *See* Plaintiff's First Amended Complaint [Dkt. # 2-1], at p. 2, ¶1.
[7] Title VII provides that claimants have 90 days to file a civil action after receipt of such a notice from the EEOC."  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).  "Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired."  *Id.*

While an amended complaint may relate back to the original complaint in certain circumstances, those circumstances are not present here.[8] FED. R. CIV. P. 15(c). Specifically, an amended complaint may relate back only when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." FED. R. CIV. P. 15(c)(1)(B). In this case, Plaintiff identified conduct in her Original and First Amended Complaint giving rise to four specific claims of discrimination only.

Specifically, in the Introduction paragraph of her Original and First Amended Complaints, Plaintiff contended she was "wrongfully terminated when the Defendant discriminated against the Plaintiff because of her national origin (African-American), gender (female) and age (over the age of 40 years old)."[9] Then, in Section VII of her Complaints, Plaintiff identified her four causes of action: (1) age discrimination; (2) gender discrimination; (3) national origin discrimination; and (4) race discrimination.[10] As discussed above, Plaintiff's generalized statement in "Count Five" of her Original and First Amended Complaints of alleged "wrongful[] terminat[ion] … due to her race, age, gender and National Origin" did not constitute an allegation of retaliation. In sum, Plaintiff did not identify a claim for retaliation in Section VII, or anywhere else in her Complaints.

Rather, in her Original and First Amended Complaints, Plaintiff made just one passing reference to retaliation and it was only in the context of describing the procedural background associated with her filing of a charge of discrimination.[11] Importantly, Plaintiff did not include and incorporate her second charge of discrimination as part of her Original or First Amended Complaints.

---

[8] For instance, in this case, there is no substantive difference between Plaintiff's Original Complaint and her First Amended Complaint. Rather, it appears some grammatical changes were made. Consequently, Plaintiff's First Amended Complaint relates back to the filing date of her Original Complaint. The same cannot be said if Plaintiff further amends her complaint to add a retaliation claim.
[9] *See* Dkt. # 2, at p. 1, ¶ 1.
[10] *See* Dkt. # 2, at pp. 6-7, ¶ 14.
[11] *See* Dkt. # 2, at p. 3, ¶ 10.

A retaliation claim involves separate conduct not identified in Plaintiff's Original or First Amended Complaints. Indeed, in her Second Amended Complaint, which was filed without leave of Court, Plaintiff now advances allegations of the sort routinely associated with a retaliation claim, and that is, assertions she engaged in protected activity and was terminated as a result of, and in retaliation for, such activity.[12] In particular, Plaintiff now identifies retaliation as an explicit cause of action – "Count Four,"[13] and also now identifies some six alleged internal complaints as giving rise to her newfound claim of retaliatory termination.[14] These are new allegations, such that Plaintiff's Original and First Amended Complaints did not give Defendants fair notice of alleged facts that could give rise to a retaliation claim.

In a factually similar case, U.S. District Court Judge David Hittner dismissed a plaintiff's retaliation claim because that claim was asserted for the first time in an amended complaint, which was filed outside of the 90-day time period following receipt of the dismissal and notice of right to sue, and did not relate back to the date of the original complaint. *Richardson v. Porter Hedges*, LLC, 22 F.Supp.3d 661, 668-69 (S.D. Tex. 2014). Here too, Plaintiff's retaliation claim should be dismissed with prejudice as this claim is time-barred.

**B. PLAINTIFF'S REMAINING CLAIMS OF RACE, NATIONAL ORIGIN, COLOR, AND AGE DISCRIMINATION SHOULD BE DISMISSED FOR FAILING TO PLEAD SUFFICIENT FACTUAL ALLEGATIONS TO DEMONSTRATE ENTITLEMENT TO RELIEF.**

**1. Plaintiff Cannot Establish She Was Qualified For Her Position At The Time Of Termination, Which Is An Essential Element Of Her Prima Facie Case.**

To establish a *prima facie* case of discrimination on any basis, Plaintiff must allege, and ultimately present evidence of, the following elements: (1) she is a member of a protected class;

---

[12] *See* Dkt. # 20, at p. 9, ¶ D ("Plaintiff Ellis alleges that she was ultimately terminated due to her engaging in protected activity, her race, National Origin, age and the complaints she filed against her supervisors before the Defendants' HR's personnel.")

[13] *See* Dkt. # 20, at pp. 8-9.

[14] *See* Dkt. # 20, at pp. 4-5, ¶¶ 12(e), (k)-(n), (p).

(2) *she was qualified for her position*; (3) she was subject to an adverse employment action; and (4) she was replaced by someone outside the protected class, or similarly situated individuals were treated more favorably under nearly identical circumstances. *See Moghalu v. Bd. of Supervisors for the Univ. of Louisiana Sys. for Nw.*, No. 15-30559, 2016 WL 943619, at *4 (5th Cir. Mar. 11, 2016) (citing *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009)); *Berquist v. Washington Mut. Bank*, 500 F.3d 344, 353 (5th Cir. 2007) (internal citation and quotation marks omitted). Fatally absent to all three of Plaintiff's Complaints was any allegation that she was qualified to perform her job as Door Monitor for GoodHeart at the time of her termination. To the contrary, Plaintiff's factual allegations support the conclusion that she was not qualified because she was physically unable to perform the requirements of her job.

Specifically, courts in the Fifth Circuit have recognized that a plaintiff may become unqualified for her job position – as measured at the time of the adverse employment action – due to a change in the plaintiff's qualifications or abilities occurring during the course of employment, such as suffering a physical disability, losing a necessary professional license or a security clearance, or some other occurrence rendering the plaintiff unfit for the position for which she was hired. *Bienkowski v. Am. Airlines*, 851 F.2d 1503, 1506, n. 3 (5th Cir. 1988) (noting that a plaintiff "can establish a prima facie case of age discrimination by showing that he continued to possess the necessary qualifications for his job at the time of the adverse action. By this we mean that plaintiff had not suffered physical disability or loss of a necessary professional license or some other occurrence that rendered him unfit for the position for which he was hired."); *McIntyre v. San Antonio Water Sys.*, 2017 WL 1532608 at *21-*22 (W.D. Tex. Apr. 26, 2017) (dismissing the plaintiff's discrimination claim because he failed to produce evidence that he remained qualified for his position after he became medically incapable of performing his work duties).

Relevant to Plaintiff's qualification, or lack thereof, Plaintiff makes the following factual assertions:

- Former HR Director Arnold Cardenas hired Plaintiff as a Door Monitor and explained her job responsibilities. Plaintiff told Mr. Cardenas she could not perform any heavy lifting due to a prior back injury. Mr. Cardenas assured Plaintiff that the Door Monitor position did not involve heavy lifting.[15]

- "On June 8, 2017, Plaintiff received a chemical burn to her left hand while pouring an unidentified chemical into a boot wash tray as ordered." GoodHeart sent Plaintiff for medical treatment, and according to Plaintiff, she "is still receiving medical treatment for that on the job injury."[16]

- "On or about September 8, 2017, Plaintiff was informed that her job requirements had changed."[17]

- During the time period of October 2017 through March 2018, Plaintiff remained off work as she and GoodHeart discussed possible job accommodations for "her injured hand," and Plaintiff underwent a functional capacity evaluation ("FCE"). GoodHeart then terminated Plaintiff's employment because it could not accommodate Plaintiff's job restrictions without undue hardship.[18]

Plaintiff also included as an exhibit to her Second Amended Petition a copy of her FCE, wherein E. Rueben Rodriguez, OTR, CWCE, reviewed 15 types of physical work activities associated with Plaintiff's Door Monitor position and Mr. Rodriguez certified that Plaintiff was unable to perform

---

[15] *See* Dkt. # 20, p. 3, ¶ 12(b).
[16] *Id.*, at p. 4, ¶¶ 12(h)-(i).
[17] *Id.*, at p. 4, ¶ 12(j).
[18] *Id.*, at pp. 4-5, ¶¶ 12(r)-(u).

seven of those activities.[19]  Mr. Rodriguez concluded by stating: "Ms. Ellis does not meet the physical demands of a Door Monitor as outlined by her employer."[20]

Based upon the foregoing, Plaintiff has essentially pled herself out of a *prima facie* case of discrimination by advancing factual allegations showing she was not physically qualified for the Door Monitor position at the time of her termination, and indeed, going so far as to acknowledge this was the reason given by GoodHeart for her termination.  A plaintiff who cannot perform the particular work required for the job from which she was terminated is not a "qualified" individual for purposes of a discrimination claim.  *Quick v. Wal-Mart Stores, Inc.*, 728 Fed. Appx. 396, 397 (5th Cir. 2018).  Accordingly, Plaintiff's claims of race, national origin, color, and age discrimination must be dismissed with prejudice.

### 2. PLAINTIFF'S REMAINING CLAIMS OF DISCRIMINATION SHOULD ALSO BE DISMISSED WITH PREJUDICE FOR FAILING TO PLEAD SUFFICIENT FACTUAL ALLEGATIONS TO DEMONSTRATE ENTITLEMENT TO RELIEF.

Despite the briefing to date on the inadequacies of Plaintiff's pleadings, and Judge Farrer's pointed questioning of Plaintiff's counsel as to the merits of Plaintiff's claims, Plaintiff persists in advancing nearly identical, and equally deficient, factual allegations that fail to raise a right to relief beyond the speculative level.  In particular, Plaintiff's factual allegations as identified in Paragraph 12 of her Second Amended Complaint *are identical* to those identified in Paragraph 12 of her First Amended Complaint, except for the two following items:

---

[19] Un-marked Exhibit to Plaintiff's Second Amended Complaint [Dkt. # 20-1], at p. 9 of 28.
[20] *Id.*

- Plaintiff contends that in April 2017, she "reported to Human Resources Personnel that Ms. Janell Parr [*sic*] and Ms. Penny Burke had called Plaintiff a 'Black Ass Bitch' on many occasions and other co-workers were witnesses;"[21] [22] and

- Plaintiff made six internal complaints with GoodHeart on various work-related issues and interpersonal difficulties.[23]

Regarding the alleged offensive comment(s), these are nothing other than stray remarks wholly insufficient to support a claim of discrimination based on race, national origin, or color. Statements and remarks may serve as evidence of discrimination only if they are: (1) related to the plaintiff's protected class, (2) close in time to the adverse employment action, (3) made by an individual with authority over the adverse employment action, and (4) related to the employment decision at issue. *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 608 (5th Cir. 2007) (internal citation and quotation marks omitted). Here, whether Ms. Pharr and/or Ms. Burke and/or both individuals made the alleged comment, which GoodHeart denies, Plaintiff does not allege that Ms. Pharr and/or Ms. Burke had authority over Plaintiff's termination, and does not explain how the alleged comment related to her termination of employment. To the contrary, in detailing the events leading up to her termination, Plaintiff focuses her allegations on her communications with Crystal Ojeda in Human Resources[24] and includes as an exhibit to her Second Amended Complaint the letter of termination she received from Chief Operations Officer Tom Christensen.[25] In sum, Plaintiff's additional assertion regarding one alleged offensive

---

[21] *See* Dkt. # 20, at p. 4, ¶ 12(e).
[22] Notably, in her Response to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, Plaintiff alleged that on *one occasion* in April 2017, she reported to Ms. Pharr that Ms. Burke had called Plaintiff a "Black Ass Bitch." *See* Dkt. # 12, p. 3, ¶ 2, and p. 12. Plaintiff is apparently unclear as to who allegedly referred to her in such a manner, to whom she allegedly reported this comment, and as to how many times this alleged comment was made.
[23] *See* Dkt. # 20, at pp. 4-5, ¶¶ 12(e), (k)-(n), (p).
[24] *See* Dkt. # 20, at pp. 5-6, ¶¶ 12(q)-(u).
[25] *See* Dkt. # 20-1, p. 21 and p. 26.

comment is insufficient to demonstrate that she is entitled to relief on her claims of race, national origin, and color discrimination.

As it concerns her alleged internal complaints, Plaintiff identified the following: (1) one in April 2017 where Plaintiff allegedly informed GoodHeart that Ms. Pharr and Ms. Burke called her a "Black Ass Bitch"; (2) one on September 10, 2017, wherein the phrase "File Formal Complaints" is all that is referenced; (3) one on September 13, 2017, wherein the phrase "Unfair treatment toward employee-Racial discrimination" is referenced; (4) one on September 20, 2017, wherein the phrase "Status on Formal Complaints" is referenced; (5) one on September 29, 2017, wherein the phrase "Status on Formal Complaints (Second Request)" is referenced; and (6) one on October 12, 2017, wherein the phrases "Harassment about my position by Meredith Mayo," "Accused of looking for gloves (cotton) that are being hidden by Olga Wilson," "Every time I have a complaint about an incident it is continued to be covered up," and "Unfair Treatment toward employee's [*sic*] (Racial Discrimination)" are referenced.[26]  In her Response, Plaintiff simply cites to these alleged complaints with no factual elaboration.  Consequently, other than the first alleged complaint, one cannot discern whether Plaintiff is complaining of the interpersonal difficulties referenced throughout her Complaint, additional instances of offensive comments, or something else.

In particular, Plaintiff does not identify who is treating her unfairly, whether he or she is in a protected category, or why Plaintiff believed certain unidentified treatment to be racially motivated.  In short, these vague allegations do not show Plaintiff is entitled to any relief whatsoever for alleged discrimination on the basis of her race, national origin, color, or age, let alone in a case such as this, where none of it had anything to do with the personnel decisions forming the basis of the lawsuit.

---

[26] *See* Dkt. # 20, pp. 4-5, ¶¶ 12(e), (k)-(n), (p).

Specifically, the key personnel decisions at issue in this litigation have nothing to do with Plaintiff's race, national origin, color, or age. In the context of her hire, Plaintiff claims that she disclosed her prior back injury and lifting restrictions to GoodHeart and she was assured there was no heavy lifting associated with her position.[27] Approximately nine months later, Plaintiff claims GoodHeart changed her job description and then required her to obtain medical documentation substantiating her alleged need for accommodation.[28] After receipt of a completed Functional Capacity Evaluation, GoodHeart informed Plaintiff it could not accommodate her restrictions without undue hardship and terminated her employment.[29]

Sprinkled in the midst of these personnel actions are vague allegations of interpersonal difficulties with co-workers over Plaintiff's issuance of too much personal protective equipment.[30] Notably, even if these allegations were to be construed as some form of co-worker harassment, Plaintiff does not identify the race, national origin, color, or age of her female co-workers, let alone contend they were harassing her because of any protected category whatsoever. For there to be actionable discrimination, the harassment must have some connection to a legally-protected category. *Moini v. Univ. of Texas at Austin,* No. A-10-CA-180-SS, 2011 WL 90472, at *8 (W.D. Tex. Jan. 10, 2011) (citing *Ramsey v. Henderson,* 286 F.3d 264, 268 (5th Cir. 2002)).

Finally, as it concerns Plaintiff's termination of employment, Plaintiff does not allege or identify a similarly situated employee outside of the protected class(es) who was similarly unable to perform the duties of his or her job without an accommodation that would pose an undue hardship and who was not terminated as a result. *See Moghalu v. Bd. of Supervisors for the Univ. of Louisiana Sys. for Nw.,* No. 15-30559, 2016 WL 943619, at *4 (5th Cir. Mar. 11, 2016) (citing

---

[27] *See* Dkt. # 20, p. 3, ¶ 12(b).
[28] *Id.*, at p. 4, ¶ 12(j) and p. 5, ¶ 12(r).
[29] *Id.*, at pp. 4-5, ¶ u.
[30] *See* Dkt. # 20, at p. 3, ¶¶ 12(c)-(d), p. 5, ¶¶ 12(o)-(p).

*Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009)); *Berquist v. Washington Mut. Bank*, 500 F.3d 344, 353 (5th Cir. 2007) (internal citation and quotation marks omitted). Furthermore, Plaintiff seemingly does not dispute or contest GoodHeart's stated reason for termination and that is, it could not accommodate Plaintiff's workplace restrictions without undue hardship. Plaintiff's mere subjective belief of discriminatory animus is wholly insufficient to show pretext. *Waggoner v. City of Garland, Tex.*, 987 F.2d 1160, 1164 (5th Cir. 1993).

In sum, Plaintiff presents insufficient factual allegations to show herself entitled to relief for race, national origin, age, or gender discrimination. Accordingly, Defendants' Rule 12(b)(6) Motion should be granted, and in this instance, dismissal should be with prejudice.

## V.  CONCLUSION

Defendants respectfully request that this Court dismiss Plaintiff's retaliation claim with prejudice due because it is time-barred. Defendants also request that this Court dismiss Plaintiff's remaining claims of race, national origin, color, and age discrimination for failing to plead sufficient facts to raise a right to relief above the speculative level. Furthermore, dismissal should be with prejudice given this Court's prior order allowing Plaintiff to amend after Defendants filed their original Motion to Dismiss and given the fact that any further amendment would be futile due to the lack of any facts supporting Plaintiff's discrimination claims.

Respectfully submitted,

/s/  *Tiffany Cox Stacy*
Tiffany Cox Stacy
State Bar No. 24050734
tiffany.cox@ogletree.com
Kelly E. Preston
State Bar No. 24092912
kelly.preston@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2700 Weston Centre
112 East Pecan Street
San Antonio, Texas 78205
Telephone Number: 210.354.1300
Facsimile Number: 210.277.2702

**ATTORNEYS FOR DEFENDANTS**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 12th day of July, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Lorenzo W. Tijerina
1911 Guadalupe
San Antonio, Texas  78297
Email – tasesq@msn.com

/s/  *Tiffany Cox Stacy*
Tiffany Cox Stacy

006488.000009
39066954.1